```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
------------------------------------
                                    :
The Estate of WILLIAM RUFFU,        :
Deceased, and derivatively on       :
behalf of Jensen Beach Marine       :
Center, Inc.                        :
                                    :
           Plaintiff,               :   CIVIL NO. 06-3531(NLH)
                                    :
      v.                            :
                                    :              OPINION
CLIFF COLLIER, JR., i/d/b/a/        :
Riverwalk Marine Sales and          :
Service and VIVIAN COLLIER          :
                                    :
           Defendants.              :
                                    :
------------------------------------
```

**APPEARANCES:**
Nicola G. Suglia
Brian M. Fleischer
Fleischer, Fleischer & Suglia
Plaza 1000 at Main Street, Suite 208
Voorhees, NJ 08043
*Attorney for Plaintiff*

Margaret M. Raymond-Flood
Norris, Mclaughlin & Marcus, PA
721 Route 202-206
Bridgewater, NJ 08807
*Attorney for Defendants*

**HILLMAN, District Judge**

Before the Court is defendants' Cliff Collier, Jr. and Vivian Collier (the "Colliers") motion to dismiss plaintiff's amended complaint. Because we lack subject matter jurisdiction in this matter, the Colliers' motion is granted.

### I. BACKGROUND

Plaintiff, William Ruffu, filed a derivative action in

federal court on August 1, 2006 alleging that this Court had jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  Defendants filed a motion to dismiss on the grounds that plaintiff's complaint did not comply with Fed.R.Civ.P. 23.1, and because this Court could not exercise personal jurisdiction over the Colliers.  Alternatively, the Colliers argued that this case should be dismissed under the doctrine of *forum non conveniens*.

    Before reaching the merits of defendants' motion to dismiss, the Court held a hearing raising *sua sponte* the issue of subject matter jurisdiction because it appeared that complete diversity among the parties was lacking.  Plaintiff plead that he was a citizen of New Jersey; that defendants, Cliff Collier, Jr. and his wife, Vivian Collier, were citizens of Florida; and defendant Jensen Beach Marine Center, Inc. ("Jensen Beach") was a New Jersey corporation with a principal place of business in Florida, thereby making Jensen Beach a citizen of both New Jersey and Florida.  See 28 U.S.C. § 1332(c)(1).

    Upon request by the Court, the parties submitted supplemental briefing on the issue of jurisdiction, as well as additional documentation concerning the status of Jensen Beach as an active corporation.  The Court held another hearing on August 16, 2007, after consideration of the additional submissions and found that as plead in the complaint complete diversity did not

exist between the plaintiff, William Ruffu, and the defendant, Jensen Beach, who were both citizens of New Jersey.  The Court also found that Jensen Beach was not an active corporation at the time of the filing of the complaint and, therefore a citizen only of New Jersey, its place of incorporation.  See Midlantic Nat'l Bank v. E.F. Hansen, Jr., 48 F.3d 693, 696 (3d Cir. 1995) (finding that a corporation that is inactive at the time of filing the complaint does not have a principal place of business), cert denied Hansen v. Midlantic Nat. Bank, 515 U.S. 1184 (1995).  By Order entered the same day, plaintiff's complaint was dismissed for lack of subject matter jurisdiction with leave to file an amended complaint within thirty days.

Plaintiff filed an amended complaint substituting the decedent's estate as plaintiff (William Ruffu died shortly after the original complaint was filed) and repositioning Jensen Beach as a plaintiff.  Plaintiff acknowledged that Jensen Beach ceased operations prior to the filing of the complaint so that it did not have a principal place of business thus making it a citizen of New Jersey only where it was incorporated.  Plaintiff maintains that complete diversity exists between the plaintiffs who are New Jersey citizens and the defendants, Mr. and Mrs. Collier, who are Florida citizens.

The Colliers filed a motion to dismiss plaintiff's amended complaint.  Because we find that Jensen Beach is improperly

aligned as a plaintiff and should be aligned as a defendant, we grant defendants' motion on the ground that this Court lacks subject matter jurisdiction because complete diversity between the parties is lacking.

## II. DISCUSSION

### A. Standard for 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

If the subject matter jurisdiction of the Court is challenged, the plaintiff bears the burden of persuasion. See Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). In addition, "... the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" Id. (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

Here, we must determine whether Jensen Beach was properly named as a plaintiff in this suit. If Jensen Beach should be aligned as a defendant, then complete diversity is destroyed and this Court cannot exercise subject matter jurisdiction.

### B. Party Alignment of Jensen Beach

In their motion to dismiss, defendants argue that in a derivative suit such as this, Jensen Beach must be aligned as a defendant. Plaintiff disagrees and argues that the general rule is that the corporation in a derivative suit should be aligned as

4

a plaintiff.

We find that in a derivative suit there is no bright-line rule specifying what side of the "v" to place the corporation. If the action is brought for the benefit of the corporation and if the judgment will inure to the benefit of the corporation, then the corporation is usually aligned as a plaintiff.  See Ono v. Itoyama, 884 F.Supp. 892, 900 (D.N.J. 1995) aff'd Ono v. Itoyama, 79 F.3d 1138 (3d Cir. 1996).  However, in cases where the corporation is dominated by directors or officers who are antagonistic to the interest of the shareholder-plaintiff, the common practice is for the corporation to be named as a defendant.  See Smith v. Sperling, 354 U.S. 91, 97 (1957)(finding that alignment of corporation as plaintiff was in error where an 'actual controversy' existed between stockholder and managers of corporation); see also Gabriel v. Preble, 396 F.3d 10, 14 (1st Cir. 2005) (stating that a corporation is deemed adverse when corporation's management opposes suit.")(citing Sperling, 354 U.S. at 96-96); Charles A. Wright, Arthur R. Miller and Mary Kay Kane, 7C Federal Practice and Procedure § 1822 (3d ed. 1998 - 2007)(stating that "the common practice is for the shareholder to name the corporation as a defendant in the original complaint").

We begin our inquiry of where to align Jensen Beach with the allegations in the amended complaint.  Plaintiff argues that Ruffu and Collier were each 50% shareholders of Jensen Beach.

5

Plaintiff alleges that Ruffu provided at least $200,000 in capital, and Cliff Collier helped to run the daily operations of Jensen Beach, including the purchase and sale of boats and related products and services.  It is alleged that Cliff Collier had possession of the checkbook for Jensen Beach drawn on a Wachovia checking account opened in New Jersey and made numerous payments from that account, including some unaccounted for payments.

Plaintiff states that the Colliers "misued, converted and/or fraudulently spent the capital invested" by Ruffu by improperly and without authorization: selling boats and other assets and keeping the money rather than depositing it in Jensen Beach's bank account; withdrawing money from Jensen Beach's account without authorization for personal use; paying Vivian Collier a salary; and transferring money from Jensen Beach to another company owned by the Colliers.  Plaintiff brought claims of breach of contract, fraud/conversion, breach of fiduciary duty/corporate waste, breach of duty loyalty and unjust enrichment.

An important fact not alleged in the complaint is the demand made on the corporate directors.  See Fed.R.Civ.P. 23.1(b)(3).[1]

---

[1] Fed.R.Civ.P. 23.1(b) states in pertinent part:

(b) Pleading Requirements. The complaint must be verified and must:

The Colliers argue that plaintiff failed to comply with the pleading requirements of Fed.R.Civ.P. 23.1(b)(3) by not making a demand for the requested relief on Jensen Beach's directors before filing suit.[2]  In response, plaintiff filed a two page

---

> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
>
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
>
> (3) state with particularity:
>  (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
>  (B) the reasons for not obtaining the action or not making the effort.

[2]  The Colliers further argue that Ruffu did not comply with Rule 23.1(b) because Cliff Collier and William Ruffu were never shareholders.  The Colliers state that although Cliff Collier and Ruffu contemplated becoming shareholders, no shares of Jensen Beach were ever sold.  Also, the Colliers argue that the deficiency with the original complaint which did not contain a verification as required by Fed.R.Civ.P. 23.1(b) was not corrected by attaching a verification from Carmela Ruffu, William's widow, since Carmela lacks personal knowledge about the allegations in the complaint.
   If true, these deficiencies could be fatal to plaintiff's claim. Clearly, if no shares were sold, and Cliff Collier and Ruffu were not shareholders, then no derivative suit exists.  Also, if the complaint cannot be adequately verified, then the suit cannot continue.  The resolution of these matters, however, is a factual determination to be decided on the merits of defendants' motion to dismiss.  We cannot reach the merits without first deciding whether we have jurisdiction.  Thus, just for preliminary jurisdictional purposes, we assume that in bringing a derivative suit, Ruffu and Cliff Collier were each 50% shareholders and that we are dealing with a verified complaint.  The issue of whether Ruffu made a demand, and if not, why not,

letter brief stating that it relies on arguments it made in connection with the motion to dismiss the original complaint. Since the amended complaint supersedes the original complaint, the motion to dismiss and attendant responses and replies are also defunct.  See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) (stating "[a]n amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.").  Nonetheless, since this is a motion to dismiss, we decide the motion on the merits and take into consideration arguments that plaintiff made regarding the previous motion to dismiss and supplemental filings.

Plaintiff states that Ruffu made a demand upon the Colliers but they did not respond.  In support of this statement, plaintiff cites to exhibits "D" and "N" of its opposition brief filed on November 2, 2006, (hereinafter "Pl. Opp. Br.").  Neither exhibit is supportive.  Exhibit D is a Certification of Carmela Ruffu which does not certify that any demand was made on the directors or shareholders nor does it describe the reasons for the plaintiff's failure to obtain the requested action.  There was no exhibit N attached to the opposition; the exhibits ended at "M."  The remaining exhibits do not support plaintiff's position that a demand was made upon the Colliers.

---

goes to the issue of where to align Jensen Beach and, therefore, is addressed for jurisdictional purposes.

8

Alternatively, plaintiff states that " ... the demand requirement in this case is futile and not required." Pl.'s Opp. Br. at 6. Since plaintiff has provided no evidence that a demand was ever made, we find that no demand was made and proceed with the plaintiff's theory that such a demand would have been futile. See Shaev v. Saper, 320 F.3d 373, 378 (3d Cir. 2003)(finding that a demand on even numbered board where half are alleged to be interested or lack independence is futile).

Entwined with the idea that a demand is futile is the understanding that the futility exists because the controlling officers or shareholders are antagonistic to the plaintiff. "Whenever the management refuses to take action to undo a business transaction or whenever ... it so solidly approves it that any demand to rescind would be futile, antagonism is evident." Sperling, 354 U.S. at 97. Antagonism exists between a stockholder-plaintiff and the dominant officers where the officers committed fraud or similar misdeeds. Id. at 94.

Plaintiff has charged the Collier with fraud and conversion of assets. We do not delve into whether these allegations are true at this stage but decide the issue of antagonism on the face of the complaint and by nature of the controversy. Id. at 94, 96 (finding lower court's inquiry into the merits of the allegations in a derivative action to be a "time-consuming, wasteful exertion of energy on a preliminary issue"). Ruffu has portrayed Cliff

9

Collier as the dominant officer of Jensen Beach and alleged that he siphoned off the company's assets through fraud for his own personal use.  Also telling is plaintiff's statement that a demand on the corporation would have been futile indicating that antagonism existed between Ruffu and Collier/Jensen Beach.  As such, Jensen Beach is antagonistic to plaintiff and should be aligned as a defendant in this action.  See Ono, 884 F. Supp. at 901 (finding one of two shareholders to be the dominant officer of corporation gained through fraud and malfeasance and realigning company as defendant thereby destroying diversity and dismissing case).

Even if we were allowed to reinterpret the allegations in the amended complaint and portray Ruffu as being in control of Jensen Beach so that Jensen Beach is the real party in interest, plaintiff would have to be able to show that the action was brought for the benefit of the corporation and any judgment would inure to the benefit of Jensen Beach.  Ono 884 F. Supp. at 900. This he cannot do because Jensen Beach is an inactive corporation.  As an inactive corporation, the purpose for which it was formed – buying a marina in Florida – is abandoned and, therefore any judgment awarded could not "benefit" Jensen Beach because it is an inactive, defunct corporation.

Thus, Jensen Beach should have been named as a defendant in this derivative action.  It was only after learning that there

was no diversity between the parties that plaintiff first sought to rearrange the parties, and then amend his complaint so as to save the case from being dismissed. We find that torturing the facts or amending a pleading to create diversity where originally there was none is not a proper exercise of the Court's jurisdiction. See id. (stating that jurisdictional requirements cannot be satisfied based on collusion); Rogers v. Valentine, 426 F.2d 1361, 1363 (2nd Cir. 1970)(upholding district court's refusal to realign defendant corporation as a plaintiff where allegations in complaint stated that management refused to institute suit and further demand would be futile). Therefore, Jensen Beach is properly realigned as a defendant in this action. Since complete diversity does not exist between the plaintiff and defendant who are both New Jersey citizens, this Court cannot exercise subject matter jurisdiction.

### III.  CONCLUSION

Based on the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction.[3]


                                            s/Noel L. Hillman
                                            NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[3] Because we do not have subject matter jurisdiction, we do not address defendants' other grounds for dismissal, i.e., failure to comply with Fed.R.Civ.P. 23.1, lack of personal jurisdiction over the Colliers and *forum non conveniens*.